UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALDEMAR RUBIO VERA,<br>Plaintiff,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Defendants. | Case No. 26-cv-10858-VC<br><br>**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

The ex parte motion for a temporary restraining order is denied. Because the issues presented by the motion are time sensitive, this order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

To satisfy the standard for a temporary restraining order, the movant must at a minimum demonstrate that their claim presents a serious merits question. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). Rubio Vera has not made this showing because he has not established a serious question as to whether he has a protected liberty interest sufficient to justify a pre-deprivation hearing.

A noncitizen "holds a protected liberty interest in remaining free from custody" that entitles him to pre-deprivation process if he "has lived at liberty for an extended duration . . . pursuant to the Government's affirmative decision not to detain him." *Torres v. Warden California City Immigration Processing Center*, No. 1:26-cv-06442, 2026 WL 2524293, at *2 (E.D. Cal. Aug. 26, 2026) (quoting *Norberto C.M. v. Warden, Central Valley Annex*, No. 1:26-cv-04674, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026)). This liberty interest arises, for

example, when an unlawful alien has been granted work authorization or has been detained and then released into the community. *See id.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Here, prior to his recent arrest, the government had not affirmatively decided that Rubio Vera should remain free. Since his re-entry into the United States in March 2011, Rubio Vera has not been detained and subsequently released by the government. *See* TRO Mem. at 5, Dkt. No. 3-2. And although Rubio Vera has a pending asylum application, USCIS does not appear to have granted him work authorization. *See* Pet. ¶ 26, Dkt. No. 1. It is true that the government has known for at least four years—since he applied for asylum in 2022—that he lives in the country. But the government has not made an *affirmative* decision not to detain Rubio Vera just because it has been aware of his presence and has failed, for one reason or another, to arrest him. For these reasons, Rubio Vera has not shown a serious question as to whether he holds a protected liberty interest that entitles him to a pre-deprivation hearing. His motion for a temporary restraining order is therefore denied.

This denial is without prejudice to seeking emergency relief if the government fails to give Rubio Vera the opportunity, at a prompt post-deprivation bond hearing, to demonstrate that he is not a threat to national security, a danger to the community, a flight risk, or otherwise undeserving of being released on bond. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

**IT IS SO ORDERED.**

Dated: September 25, 2026

VINCE CHHABRIA
United States District Judge