UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALDEMAR RUBIO VERA,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | Case No. 26-cv-10858-VC<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 10 |

The motion for a preliminary injunction is granted. This order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

The Court previously denied Rubio Vera's motion for a temporary restraining order because he had not shown a serious question as to whether he has a protected liberty interest that justifies a pre-deprivation hearing. Dkt. No. 9 at 1. But since that order, Rubio Vera has presented additional evidence that changes the analysis. In 2023, USCIS authorized Rubio Vera to work in the United States, and the agency renewed this authorization in 2025. Dkt. No. 10-2; Dkt. No 10-3. These grants of work authorization were affirmative government decisions not to detain Rubio Vera—decisions that created a protected liberty interest that supports pre-deprivation process. *See Hussain Zada v. Albarran*, No. 26-cv-04157-VC, Dkt. No. 34 at 1 (N.D. Cal. Oct. 5, 2026).

Given this liberty interest, the *Mathews* factors likely tilt in Rubio Vera's favor. The risk of erroneous deprivation is high because the government has twice implicitly determined that Rubio Vera is not a danger to the community or a flight risk. *See id.* And although requiring a

pre-deprivation hearing will burden the government, that burden is outweighed by Rubio Vera's substantial interest in freedom from custody and the high risk that his detention is in error. Accordingly, Rubio Vera has established a likelihood of success on the merits of his due-process claim.

The other preliminary-injunction factors favor relief. Because Rubio Vera's detention is likely unconstitutional, it constitutes irreparable harm. *See Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017). As to the balance of the equities and the public interest, those factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Ensuring that the government does not unconstitutionally detain people promotes the public interest. *See Hernandez*, 872 F.3d at 996.

* * *

The government is ordered to release Rubio Vera from custody today. The government is enjoined and restrained from re-detaining Rubio Vera while this litigation is pending, unless it gives him a pre-deprivation hearing before a neutral decisionmaker. This order does not prevent the government from detaining Rubio Vera pursuant to 8 U.S.C. § 1231(a) if he becomes subject to a final order of removal.

**IT IS SO ORDERED.**

Dated: October 9, 2026

VINCE CHHABRIA
United States District Judge